UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDY FREDERICK, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>       -against-<br><br>QUALVOICE LLC, and RODNEY NEDD, individually,<br><br>                    Defendants. | **COMPLAINT**<br><br>**Civil Action No.:**<br><br>Jury Trial Demanded |

ANDY FREDERICK ("Plaintiff"), on behalf of himself and all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, STEVENSON MARINO LLP, as and for his Complaint against QUALVOICE LLC ("Qualvoice"), and RODNEY NEDD, individually (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.      This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice upon hire containing specific categories of accurate information on each payday, NYLL § 195(1); and (v) any other

claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants as a cable installer/technician from April 6, 2020, through the present for Defendants' cable installation/repair business. As described below, for the duration of his employment period, Defendants willfully failed to pay Plaintiff the wages lawfully owed to him under the FLSA and the NYLL, as Defendants failed to compensate Plaintiff at the statutorily required overtime rate of pay for the hours that Plaintiff worked beyond forty in a workweek under the FLSA and the NYLL.

3.      Additionally, Defendants violated the NYLL by failing to provide Plaintiff with a wage statement on each payday that accurately stated the hours that Plaintiff worked each week or a wage notice upon his date of hire that accurately stated his regular and overtime rates of pay.

4.      Defendants' failure to pay overtime was not limited to Plaintiff, but also extended to all of Defendants' cable installers/technicians.

5.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated cable installers/technicians during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff additionally brings his claims under New York law on behalf of himself and any FLSA Plaintiff, as that term is defined below, who opts into this action.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Qualvoice was and is a Connecticut corporation with its principal place of business located at 360 Bloomfield Avenue, Windsor, Connecticut 06095.

11. At all relevant times herein, Defendant Nedd was and is Qualvoice's founder, owner and president. In this role, Defendant Nedd oversaw Qualvoice's operations, paid employees, and had the power to hire and fire and approve all personnel decisions with respect to all Qualvoice's employees. Defendant Nedd oversaw and oversees the day-to-day activities of the cable installers/technicians, including those of Plaintiff, and was involved in the hiring of Plaintiff and is responsible for paying Plaintiff's wages.

12. At all relevant times herein, Defendants were and are Plaintiff's "employers" within the meaning of the FLSA and NYLL. Additionally, Defendants' qualifying annual business exceeded and exceeds $500,000.00, for all relevant years, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as Defendants employ two or more employees and does business across state lines in New York, the combination of which subjects

Defendants to the FLSA's requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former cable installers/technicians, who at any time during the applicable FLSA limitations period, performed any work for Defendants in New York and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15.     At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

16.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully failing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP

23(b)(3), on behalf of himself, as well as on behalf of all those who are similarly-situated that Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;
   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
   c. Claims or defenses of the representative are typical of the class;
   d. The representative will fairly and adequately protect the class; and
   e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former cable installers/technicians, who during the applicable NYLL limitations period, performed any work for the Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

20. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

21. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of

one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (5) whether Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage notices upon hire containing the information required by NYLL § 195(1); (6) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (8) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

22.     As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as cable installers/technicians. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiff seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours per week, yet Defendants routinely failed and fail to pay them at the rate of time and one-half their respective regular rates of pay, while also failing to provide them with accurate wage statements on each payday or a wage notice upon hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at a rate of one and one-half times their regular rates for all hours worked per week in excess of forty, and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the

Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime pay for all of his hours worked over forty each week or furnish him with accurate wage statements on each payday, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

24. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

25. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by any cable installer/technician who worked for Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

27. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

28. Qualvoice is a Connecticut corporation that owns and operates a cable installation business performing jobs cable and internet providers such as RCN Corporation and Optimum, which does business in New York with offices located at 33-16 Woodside Avenue, Long Island City, New York 11101.

29. Defendants hired Plaintiff as a cable installer/technician on or about April 6, 2020 and Plaintiff still works in that position at the present date.

30. As a cable installer/technician, Plaintiff was and is responsible for installing, servicing, and repairing RCN and Optimum equipment for their customers through contracts that Qualvoice has with RCN and Optimum.

31. Throughout his employment, Plaintiff routinely worked and works five (5) days per week, Sunday through Thursday, commencing his work each day at approximately 8:00 a.m. and working until approximately 6:00 p.m. and sometimes as late as 8:00 p.m. each day without any uninterrupted meal break. Thus, Plaintiff routinely worked for Defendants approximately fifty (50) to sixty (60) hours per workweek.

32. For his work, Defendants paid Plaintiff an hourly rate at minimum wage at $15.00 per hour. Defendants additionally paid Plaintiff "Production Pay" for his installations that were earned based upon the number of jobs that he completed.

33. Defendants required Plaintiff to submit his hours worked according to a software called TSheets, which Plaintiff received a notification response by email for each submission. At the end of the week, Plaintiff received a notification of his total hours worked each week and additionally received a notice that his hours were manually adjusted by his supervisor. Therefore,

Defendants routinely undercounted Plaintiff's hours worked each week and as a result, undercompensated Plaintiff for the hours he worked each week, including those over forty. Accordingly, despite Plaintiff routinely working overt forty hours each workweek, Defendants failed to pay Plaintiff for these hours worked over forty, thus depriving him of the statutorily required overtime rate of one and one-half times his regular rate for the hours that Plaintiff worked over forty each week.

34. By way of example only, for five days during the week of February 28, 2021 to March 6, 2021, Plaintiff worked Sunday through Thursday, working the following hours:

February 28:   12 hours, 1 minute;

March 1:       12 hours;

March 2:       10 hours, 2 minutes;

March 3:       10 hours, 4 minutes;

March 4:       11 hours, 3 minutes.

Thus, Plaintiff worked fifty-five (55) hours and ten (10) minutes this workweek. For his work during this specific workweek, Defendants paid Plaintiff for 39.92 hours at $15.00 per hour, with an additional $422.48 for Production Pay. Thus, Defendants failed to pay Plaintiff for approximately fifteen (15) hours and ten (10) minutes of overtime pay for these hours worked over forty this workweek.

35. Defendants paid Plaintiff on a weekly basis by check.

36. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed Plaintiff's actual hours worked for that week. For example, for the representative workweek described above, for the pay period of February 28, 2021 through March 6, 2021, Defendants provided Plaintiff with a paystub that listed that Plaintiff

worked 39.92 hours at a rate of $15.00 per hour. Thus, Defendants misrepresented the actual hours worked by Plaintiff.

37. Upon Plaintiff's hire, Defendants failed to furnish Plaintiff with any wage notice whatsoever, let alone one that accurately listed Plaintiff's regular and overtime rate of pay or whether Plaintiff was to be paid by the hour, shift, day, week, salary or on some other basis.

38. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described herein.

39. Defendants acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

40. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

41. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

43. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

44. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

45. Defendants willfully violated the FLSA.

46. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

47. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

48. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

50. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

51. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

56. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with accurate wage statements containing the criteria required under the NYLL.

57. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper a Wage Notice in Violation of the NYLL*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 195(1) requires that employers furnish employees with a notice upon hire, containing accurate, specifically enumerated criteria.

60. As described above, Defendants, upon hire, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with an accurate wage notice containing the criteria required under the NYLL.

61. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

62. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

  f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and a service award to Plaintiff;

  i. Designation of Plaintiff and Plaintiff's counsel as collective and class action representatives under the FLSA and the FRCP;

  j. Pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    May 13, 2021

                Respectfully submitted,

                Stevenson Marino LLP
                *Attorneys for Plaintiff*
                75 Maiden Lane, Suite 402
                New York, New York 10038
                (212) 939-7229

          By: _____
              Jeffrey R. Maguire (JM 4821)