UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
ANDY FREDERICK, *on behalf of himself and all others similarly-situated*,

         Plaintiffs,

  -against-            Case No. 21-CV-2689 (MMH)

QUALVOICE LLC, and RODNEY NEDD, *individually*,

         Defendants.
------------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

### ORDER PRELIMINARILY APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT AND PROVIDING FOR NOTICE OF FAIRNESS HEARING

  This matter comes before the Court on the Motion for Preliminary Approval of the Class Action Settlement ("Motion") submitted by Named Plaintiff Andy Frederick ("Named Plaintiff"), the opt-in Plaintiff Christopher King ("Opt-in Plaintiff," and with Named Plaintiff, "Plaintiffs"), which was filed with the Court on consent of Defendants, Qualvoice LLC and Rodney Nedd (collectively, "Defendants") on February 16, 2022.

  Having reviewed the Motion, and all documents and exhibits submitted therewith, this Court **grants** preliminary approval of the settlement pursuant to Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b). Accordingly, the Court hereby **orders** as follows:

### PRELIMINARY APPROVAL

  1.  Upon preliminary review, the settlement reached by the parties, as set forth in both the Motion and in the Settlement Agreement, including the allocation formula, attorneys' fees and costs, service awards, and other terms, appears to be fair and reasonable to all involved, suffers from no obvious defects, was reached after arms-length negotiations between

the parties, and appears to constitute a reasonable compromise of the claims and defenses in this matter.

2.  The Parties are directed to perform according to the terms of their Settlement Agreement, except as expressly indicated otherwise by this Order or other ruling of this Court.

## **CERTIFICATION OF SETTLEMENT CLASSES**

3.  The Court hereby certifies, for settlement purposes only, the settlement classes, defined as—

   a.  Under Fed. R. Civ. P. 23(a) and (b)(3), all individuals employed by Defendants as cable installers/technicians, who, at any time during the period of October 10, 2018 to August 31, 2021, worked for Defendants in New York (hereinafter, the "New York Class"); and

   b.  Under 29 U.S.C. § 216(b), all individuals employed by Defendants as cable installers/technicians, who, at any time during the period of October 10, 2018 to August 31, 2021, worked for Defendants in New York, and who timely submit a Claim Form, thereby opting into the settlement and, in so doing, releasing their FLSA claims (hereinafter, the "Federal Class," and collectively with the New York Class, the "Settlement Classes")

4.  Pursuant to the Motion and attachments thereto, upon preliminary review, the Court, for settlement purposes only, finds that—

   a.  The New York Class is sufficiently numerous that joinder of all putative New York Class Members under the circumstances of this litigation and the settlement thereof is impracticable, therefore satisfying the requirements of Rule 23(a)(1);

b. There are questions of law or fact common to the New York Class Members, therefore satisfying the requirements of Rule 23(a)(2);

c. The claims of the Named Plaintiff are typical for settlement purposes of the claims of the New York Class Members, satisfying the requirements of Rule 23(a)(3);

d. The Named Plaintiff, Andy Frederick, as the representative party, will fairly and adequately protect the interests of each New York Class Member, therefore satisfying the requirements of Rule 23(a)(4);

e. The Named Plaintiff, Andy Frederick, is hereby appointed as the class representative of the New York Class;

f. Stevenson Marino LLP is hereby appointed as counsel for the New York Class;

g. Questions of law and fact common to the members of the New York Class, evaluated in the context of and considering this settlement, predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient settlement of the controversy, satisfying the requirements of Rule 23(b)(3); and

h. For similar reasons to those set forth above, certification of the Federal Class for purposes of 29 U.S.C. § 216(b) is appropriate for settlement purposes only.

5. Certification of the New York Class and the Federal Class is contingent on and for purposes of settlement only. If this settlement does not become final for any reason, Plaintiffs and Defendants shall be restored to their respective positions as if no settlement had been reached. Moreover, if this settlement does not become final for any reason, Defendants

shall not have waived any objections that they may have asserted to the certification of a class or collective under Rule 23 and/or decertification under 29 U.S.C. § 216(b), nor shall this Order be deemed to have any preclusive or precedential value with respect to the appropriateness of certification of any such class or final certification of any such collective for any other purposes or in any other circumstances.

**NOTICE TO SETTLEMENT CLASS MEMBERS**

6. The Parties' proposed Notice of Pendency of Class Action Settlement (hereinafter, the "Notice"), attached as Exhibit 2 to the Declaration of Jeffrey R. Maguire (hereinafter, the "Maguire Declaration") submitted with the Motion, and the Claim Form attached as Exhibit 3 to the Maguire Declaration, are hereby approved, found to be a reasonable means of providing notice to the New York Class Members under the circumstances, and when completed, shall constitute due and sufficient notice of the settlement to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

7. New York Class Counsel has designated, Defendants have consented to, and the Court hereby appoints Arden Claims Service, LLC (hereinafter, the "Claims Administrator") to be responsible for communicating with the members of the New York Class; disseminating the Notice; accepting and maintaining documents sent by the New York Class Members, including Claim Forms, Opt-out statements, objections, and other documents relating to claims administration; and administering claims for allocation, according to the formula set forth in the Settlement Agreement.

8. By no later than **April 14, 2023** (thirty (30) days after entry of this Order), the Defendants are to furnish to the Claims Administrator and New York Class Counsel, in

electronic form, with a list of all New York Class Members, identified by: (i) name; (ii) last known address; (iii) social security/tax identification numbers; and (iv) weeks worked during the period from October 10, 2018 to August 31, 2021. The list will be contained in a confidential document that the Defendants shall provide to the Claims Administrator and New York Class Counsel. The list is to be used by the Claims Administrator to effectuate the settlement and may not be disseminated to any other person or entity or used for any other purpose.

9. The Parties are directed to require the Claims Administrator to send the Notice and Claim Form referenced in Paragraph (6) above to putative class members by **April 14, 2023** (thirty (30) days after entry of this Order).

10. The Parties may make minor, non-substantive revisions to the Notice and Claim Form following the issuance of this Order as they deem appropriate and necessary and insert deadlines and dates consistent with this Order without requiring further Court involvement.

11. The cost of notice, and as incurred, processing of claims and related costs, shall be paid from the settlement fund, as provided for in the Settlement Agreement.

## JOINING OR OPTING OUT OF THE SETTLEMENT

12. As described in the Notice, any potential New York Class Member may opt out of the New York Class by sending via First Class United States Mail, postage prepaid, fax, or email, a written, signed statement to the Claims Administrator that states that they are opting out of the settlement. This statement must include the New York Class Member's name, address, and telephone number, and include a statement expressly indicating the New York Class Member's intention to opt-out such as, "I opt out of the Qualvoice wage and hour settlement". This statement shall be postmarked or received by on or before **June 16, 2023**

(sixty (60) days after notices are mailed as referenced in Paragraph (9) above).  Individuals who request exclusion shall not be entitled to share the benefits of the settlement, nor be bound by any judgment in connection with this litigation, whether favorable or adverse.

13.     Any Class Member who does not properly and timely mail a letter requesting to be excluded as set forth above shall be included in the New York Class, and shall be bound by all of the terms and provisions of the Settlement Agreement pertaining to the released claims as defined in the Settlement Agreement, including the release of such claims, whether or not such New York Class Member has objected to the Settlement Agreement, and whether or not such New York Class Member participates in the settlement by submitting a Claim Form.

14.     As also described in the Notice, any potential New York Class Member may object to the settlement by sending via First Class United States Mail, postage prepaid, a written and signed statement to the Claims Administrator that refers to the "Qualvoice Settlement."  The statement must include the name, address, and telephone number of the person objecting, and all reasons for the objection with any supporting documentation. The written objection must be signed before a Notary Public and must also include the following statement:  "This statement is truthful and accurate to the best of my knowledge."  Any objection must be postmarked or received by on or before **June 16, 2023** (sixty (60) days after notices are mailed as referenced in Paragraph (9) above).  Any individual who wishes to object to the settlement must still submit a Claim Form to receive money as part of the settlement, as described in Paragraph (15), below.

15.     As described in the Notice, any potential New York Class Member may participate in the settlement by returning to the Claims Administrator his or her executed Claim

Form, which must be postmarked or received by on or before **June 16, 2023** (sixty (60) days after notices are mailed as referenced in Paragraph (9) above).

16. Any New York Class Member who timely executes and returns their Claim Form shall be included in the New York and Federal Classes and shall be bound by all of the terms and provisions of the Settlement Agreement pertaining to the released claims as defined therein, including the release of such claims, whether or not such individual has objected to the Settlement Agreement, and whether or not such individual timely negotiates their check.

### FAIRNESS HEARING AND FINAL APPROVAL

17. Class Counsel shall file Plaintiffs' Motion for Final Approval on or before **August 4, 2023** (date no sooner than thirty (30) days after deadline for submission of Claim Forms, opt-out statements, and/or objections as referenced in Paragraphs (12), (13), (14), (15), (16), and (19)).

18. The Court will hold a Fairness Hearing on the above-referenced settlement on **September 14, 2023** (date on or about thirty (30) days after the Motion deadline referenced in Paragraph (17) above) at **10:00 a.m.** (time), in Courtroom **504** at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, or by videoconference.

19. Any New York Class Member who has not filed an Opt-out Statement may appear at the Fairness Hearing in person or by counsel and may be heard, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement; the settlement allocation formula; or New York Class Counsel's request for attorneys' fees and service awards. To appear at the hearing, the individual must, individually or through counsel, send their written objection(s) to the Administrator, through first class mail postmarked or

received by the Claims Administrator by no later than **June 16, 2023** (sixty (60) days after the initial mailing of Notice to the Class referenced in Paragraph (9) above). Any individual who wishes to appear at the hearing and be heard must affirmatively state so in their objection. Any individual who wishes to appear at the hearing and be heard through counsel must also affirmatively state so in their objection and must have their counsel file a notice of appearance by no later than **August 31, 2023** (fourteen (14) days prior to the date of the fairness hearing).

20. Any New York Class Member who does not make their objection in the manner and by the time provided herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement, to the award of attorneys' fees to New York Class Counsel, or to service awards to any Plaintiff, unless otherwise ordered by the Court.

21. The Claims Administrator will stamp the date received on the original and send copies of each Claim Form, objection, and/or Opt-out statement, with supporting documents, to New York Class Counsel and Defendants Counsel by email, to be delivered no later than **June 13, 2023** (three (3) business following the sixty (60) day submission period set forth in Paragraph twelve (12), and as set forth in Paragraphs (13), (14), and (15)).

22. The date, time, and location of the Fairness Hearing shall be set forth in the Notice but shall be subject to change by the Court without further notice to the New York Class Members other than that which may be posted at the Court or on the Court's website or docket. The Court may approve the Settlement Agreement, if appropriate, without further notice to the New York Class Members.

**TERMINATION OF SETTLEMENT AND FUTURE RELIANCE**

23. In the event that the settlement is terminated in accordance with the provisions of the Settlement Agreement, the settlement and all proceedings had in connection therewith shall be null and void, except to the extent such nullification and voidance would be contrary to the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendants, and the members of the Settlement Classes. In the event that any party terminates the Settlement Agreement, the terminating party shall be responsible for paying all of the Claims Administrator's fees incurred or that are otherwise owed to the Claims Administrator, subject to the terms agreed to by the Parties in the Settlement Agreement.

24. In accordance with the Settlement Agreement, neither the Settlement Agreement itself, nor any of the negotiations, statements, and proceedings in connection therewith, including the Court's entry of this Order as well as any Final Order regarding the settlement, shall be construed or deemed to be evidence of—

    a. An admission or concession by Defendants, any other Releasees (as that term is defined in the Settlement Agreement), Plaintiffs, any member of the Settlement Classes, or any other person regarding the truth or falsity of any claim or allegation in this litigation;

    b. An admission by Defendants or any other Releasees of liability, fault, or wrongdoing; or

    c. An opinion of this Court as to the appropriateness of class action certification under Fed. R. Civ. P. 23 and/or FLSA final collective action certification under 29 U.S.C. § 216(b) outside the particular circumstances described herein.

**SO ORDERED.**

Brooklyn, New York
March 15, 2023

            /s/Marcia M. Henry
            MARCIA M. HENRY
            United States Magistrate Judge