UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ANDY FREDERICK, *on behalf of himself and all others similarly situated*, :
:
:
                         Plaintiff, :
:
    -against- : Case No. 21-CV-2689 (MMH)
:
QUALVOICE LLC and RODNEY NEDD, *individually*, :
:
:
                       Defendants. :
-------------------------------------------------------------------- x
**MARCIA M. HENRY**, United States Magistrate Judge:

## ORDER APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT

      This matter having come before the Court, on consent of all parties, for a fairness hearing on September 14, 2023, pursuant to the Court's Order granting Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement ("Preliminary Approval Order") (ECF No. 27). Upon due and adequate notice having been given to the Class Members as defined below, as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein to determine the fairness of and final approval of the parties' settlement on behalf of the Named Plaintiff and Opt-in Plaintiffs (together as "Plaintiffs") and the Rule 23 New York class action Plaintiffs ("Rule 23 Plaintiffs," and together with the Plaintiffs as "Class Members") (hereinafter referred to as the "Settlement"), and otherwise being fully informed and for good cause shown, the Court finds that the Settlement reached by the parties is fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Rule 23 Plaintiffs as defined in the Court's Preliminary Approval Order, and

satisfies all requirements of Federal Rule of Civil Procedure ("Rule") 23(a) and (b)(3), as well as Section 216(b) of the Fair Labor Standards Act ("FLSA").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Order GRANTING the Motion for Final Approval of the Class Action Settlement, incorporates by reference the definitions in the Settlement Agreement and all exhibits, addendums, stipulations, and schedules thereto, with the exception of Paragraph 1.40.

2. This Court has subject matter jurisdiction over this litigation and all members of the Federal and New York classes.

3. After consideration of the evidence, the Court finds that the mailing and distribution of the Notice of Class Action Settlement ("Notice") constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Class Members whose mailing addresses or other contact information were identified through reasonable effort, constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Rule 23 and due process.

4. On behalf of the Plaintiffs and Rule 23 Plaintiffs, this Court hereby approves the Settlement, finds that it is, in all respects, fair, reasonable, adequate, and in the best interest of Class Members, and with respect to the Rule 23 Plaintiffs, satisfies the requirements of Rule 23(a) and (b)(3) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and with respect to the Plaintiffs, satisfies *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and those factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Court directs that the Settlement be consummated in

accordance with the terms and conditions set forth in the Preliminary Approval Order and orders all parties to take the necessary steps to effectuate the Settlement.

5.   The Court has previously certified and now grants in light of the date of entry of the Preliminary Approval Order, final certification to the following two Settlement Classes:

(a)   all individuals employed by Defendants as cable installers/technicians, who, at any time during the period of October 10, 2018, to August 31, 2021, worked for Defendants in New York; and

(b)   all individuals employed by Defendants as cable installers/technicians, who, at any time during the period of October 10, 2018, to August 31, 2021, worked for Defendants in New York, and who timely submit a Claim Form, thereby opting into the settlement and, in so doing, releasing their FLSA claims.

6.   The Court hereby makes the following findings of fact:

(a)   Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Class Counsel and Defendants' counsel undertook meaningful and sufficient investigation and the parties exchanged sufficient and adequate discovery to fully and fairly evaluate the claims and defenses asserted by the parties, and to make an informed decision about the Settlement.

(b)   The distribution of the Settlement is fair, reasonable, and equitable.

(c)   Class Members were required to submit claim forms or to have already opted-in to the conditionally certified collective in this matter, of which a combined total of 15 Class Members will be mailed a check for their individual settlement amounts, calculated based on the formula found in the Parties' Settlement Agreement, ECF No. 24-3.

(d)     The Settlement provides for a service award to the Named Plaintiff Andy Frederick in the amount of $15,000.00.

(e)     The Settlement also provides for a payment of $143,170.00, or the equivalent of 31.8% of the total Settlement amount as attorneys' fees, plus $6,830.00 for Class Counsel's out-of-pocket expenses, to be paid to Class Counsel.

(f)     Class Administrator fees are to be paid to Arden Claims Service LLC ("Arden") in the amount of $12,000.00.

(g)     Given the disputed issues of fact and law and the risks to the Class Members, and the further delay that would be caused by continued litigation, including potential trial, and the subsequent appeal of any judgment after trial, the Settlement is fair, reasonable, and in the best interests of the Class Members.

(h)     Considering the factual and legal issues in dispute, anticipated motion practice, the possibility of trials and appeals, and the expected duration of litigation, the terms and amount offered in the Settlement are favorable.

(i)     Class Counsel has extensive experience in wage and hour collective and class action litigation and Class Counsel is therefore well equipped to have negotiated a fair settlement for the FLSA Plaintiffs and the Rule 23 Plaintiffs. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the litigation and because of their extensive experience in similar actions. Defendants' counsel, likewise, has substantial experience in this area and also agrees that the Settlement is fair and reasonable.

(j)     All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort, and resources to secure the terms of the Settlement,

including the plan of allocation and distribution to ensure a fair, adequate, and equitable distribution.

7. Based on those findings of fact, the Court hereby ORDERS as follows:

(a) The terms and provisions of the Settlement have been entered into in good faith and are hereby approved as fair, reasonable, adequate, and in the best interests of the Settlement Classes, and in full compliance with all applicable due process requirements. The parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment. Arden is hereby directed to distribute payments to the 15 participating Class Members in accordance with the terms of the Settlement, plus any individuals from whom claims forms were received and accepted by the parties from that date to present, if any.

(b) The Settlement is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement are final.

(c) Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegations in this action, or of any liability, fault, or wrongdoing of any kind.

(d) The Named Plaintiff, Opt-in Plaintiffs, and Rule 23 Plaintiffs, shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

(e) All Class Members who received Notice, regardless of means, including the Named Plaintiff and Opt-in Plaintiffs, hereby release Defendants from New York Labor Law wage and hour claims that were asserted or could have been asserted in this lawsuit.

5

(f) Class Members who submitted a claim form and cash the settlement check thereby release Defendants from FLSA wage and hour claims that were asserted or could have been asserted in this lawsuit.

(g) Having reviewed the appropriate case law, the request for Service Awards is granted. Arden is hereby ordered to pay Named Plaintiff in the amount of $15,000.00, apportioned from the Settlement Funds in accordance with the parties' Settlement Agreement.

(k) Having reviewed the appropriate case law and Class Counsel's billing records and having conducted a cross-check with Class Counsel's lodestar calculation, and with no objection from Defendants or any Class Member, the Court finds that Class Counsel's application for attorneys' fees in the amount of $143,170.00, apportioned from the Settlement Funds, which is less than the amount explained in the Notices, is fair and reasonable and is granted. Having reviewed Class Counsel's request for reimbursement of out-of-pocket expenses and accounting of all expenses, and with no objection by Defendants or any Class Member, Class Counsel's request for expenses in the amount of $6,830.00, apportioned from the Settlement Funds as explained in the Notices, is granted.

(l) Arden is to be paid $12,000.00 for its administration fees and costs from the Settlement Amount, apportioned from the Settlement Fund as explained in the Notices.

(m) All claims against Defendants in this action are dismissed with prejudice, and the Clerk of Court is respectfully directed to close this case.

(n) The Court declines to retain jurisdiction.

8. Final Judgment is hereby entered pursuant to Rules 54 and 58 consistent with the terms of the Settlement Agreement.

**SO ORDERED.**

Brooklyn, New York
October 19, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge